1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DOUGLAS ESSEX,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KENT S. "STEVEN" GEORGI,<br><br>　　　　　　　　Defendant. | Case No. 14-cv-1839-BAS(BLM)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On August 5, 2014, Plaintiff Jason Douglas Essex, proceeding *pro se*, filed a handwritten complaint against Defendant Kent S. "Steven" Georgi, apparently asserting claims for identity theft and fraud. According to his civil cover sheet, Plaintiff filed this action based upon federal question jurisdiction under 28 U.S.C. 1337.

For the following reasons, the Court finds that Plaintiff's complaint is facially deficient and **DISMISSES WITHOUT PREJUDICE** this action in its entirety for lack of subject matter jurisdiction.

//

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010). Alternatively, federal district courts also have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Although there has not been a request for dismissal, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II. ANALYSIS

Plaintiff's civil cover sheet indicates that he is pursuing claims under 28 U.S.C. § 1337, which provides jurisdictional requirements for civil actions or proceedings arising from any Congressional Act "regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337(a). He also describes his claims, at least as best as this Court can decipher, as scalping, identity theft, fraud, mail fraud, business fraud, or an illegible claim involving a liquor license. None of these claims is reflected in the complaint except identity theft and fraud. Section 1337 is not even mentioned.

Plaintiff's identify-theft claim is not actually asserted anywhere in the body of the complaint, but rather the words are merely floating on the bottom-right corner of the first page of the complaint without any association to any allegations. (Compl. 1:24–25.) The fraud claim apparently arises from allegations that Defendant closed an email account. (Compl. 2:8–10.) The Court also reviewed the over 550 pages of exhibits—which mostly consist of screenshots of websites—attached to the complaint and was unable to identify any other claims.

Upon reviewing the complaint and voluminous exhibits, Plaintiff's action does not arise from any identifiable commerce or antitrust regulation within the scope of 28 U.S.C. § 1337. Plaintiff also fails to provide any federal law related to the claims that he describes in the civil cover sheet. Therefore, the Court finds that it lacks subject matter jurisdiction because there is no federal question presented in this action. *See* 28 U.S.C. § 1331. Similarly, had Plaintiff attempted to invoke this Court's diversity jurisdiction, the Court would reach the same conclusion—that it lacks subject matter jurisdiction—because Plaintiff fails to demonstrate that he satisfies the complete-diversity-of-citizenship and amount-in-controversy requirements under 28 U.S.C. § 1332. *See also Tosco*, 236 F.3d at 499.

//

//

## III. CONCLUSION & ORDER

Because Plaintiff does not assert a claim that presents a federal question as required by 28 U.S.C. § 1331, and because he fails to allege facts necessary to establish diversity jurisdiction as required by 28 U.S.C. § 1332, the Court **DISMISSES WITHOUT PREJUDICE** this action in its entirety for lack of subject-matter jurisdiction. *See Tosco*, 236 F.3d at 499. If Plaintiff can correct these deficiencies in the complaint, including but not limited to explicitly identifying specific federal statutes invoked, he may file an amended complaint no later than **August 27, 2014**. *See* 28 U.S.C. § 1653. Furthermore, if Plaintiff intends to proceed with this action, he must also pay the required filing fee.

In light of the dismissal, the Court also **TERMINATES AS MOOT** Plaintiff's motion to appoint counsel. (ECF No. 2.)

**IT IS SO ORDERED.**

**DATED: August 6, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**